HENDERSON v. CALION LUMBER COMPANY.

4-8850                                                   220 S. W. 2d 597

Opinion delivered May 23, 1949.

*Crumpler and Eckert* and *Surrey E. Gilliam*, for appellant.

*J. Ed Morneau,* for appellee.

GRIFFIN SMITH, Chief Justice. Workmen's Compensation Commission found that Will Henderson's death in September 1943 was not caused by an accident arising out of and in the course of his employment by Calion

Lumber Company.[1]  Circuit Court affirmed, and Nettie Henderson, the decedent's wife, has appealed.  Here, as in the court below, it is contended that the Commission acted on insufficient evidence.

Henderson, 60 years of age, did light work at a sawmill, where he had been employed for six weeks.  On September 28th he went to the mill shortly before eight o'clock and spent part of the morning handling sticks used in stacking lumber.  His wife testified that he returned home at 11:45, complaining of injuries received in a fall.  Nettie's version of Will's conversation was that he and another man were attempting to move a wagon, and in straining at a wheel [Will] lost his balance. Nettie exhibited a pair of torn overalls she said Will wore when he came home.

Nettie admitted that her husband had often complained of chest pains when the day's work had been unusually hard, but she did not know he suffered from heart trouble.  After remaining at home an hour, Will started back to the mill and had reached a point fifty or a hundred feet from his destination when he fell and died.

There was other testimony supporting what Nettie said Will told her regarding the alleged fall.  On the other hand, a worker who was assisting Will in handling the lumber sticks testified in a manner completely at variance with the theory of traumatic injury.  This witness stated positively that nothing of the kind occurred.

If the Commission had believed witnesses who testified regarding Nettie's claim that Will fell, or statements of those who testified to facts inferentially sustaining this theory, an award could have been affirmed. Medical opinion was that unusual exertion such as the claim of a strain and fall, could have produced a climactic coronary condition.

But the Commission did not credit these witnesses, for it expressly found that "no accidental injury was sustained."  This belief was emphasized by the Commission's comment that Act 319 of 1939 was not

---

[1] The suit was for the benefit of Nettie Henderson and three minor children.

intended as life insurance, ''. . . and does not compensate for the effect that ordinary physical exertion has on the body as ordinary wear and tear''.

Affirmed.